IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **TORUS VENTURES, LLC,** *Plaintiff,* | § § § § | |
| v. | § § | **CASE NO. 6:24-CV-00525-DC-DTG** |
| **FIRST NATIONAL BANK OF SONORA,** *Defendant.* | § § § § § | |

**REPORT AND RECOMMENDATION GRANTING-IN-PART AND DENYING-IN-PART THE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 10)**

TO:   THE HONORABLE DAVID COUNTS,
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant First National Bank of Sonora's Motion to Dismiss for Improper Venue and Failure to State a Claim (Dkt. No. 10). After careful consideration of the pleadings and the applicable law, the Court **RECOMMENDS** that the motion be **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.   BACKGROUND

This is a suit brought by Plaintiff Torus Ventures, LLC against Defendant First National Bank of Sonora in the Western District of Texas for infringement of U.S. Patent No. 7,203,844 (the "'844 Patent"). Dkt. No. 1. The plaintiff is a Delaware corporation that maintains its principal place of business in New York, New York. *Id.* ¶ 2. The defendant is a national bank chartered under federal law with its headquarters and principal place of business in Sonora, Texas. *Id.* ¶ 3. Sonora is a city in Sutton County, Texas—located within the jurisdiction of the

Northern District of Texas. The plaintiff alleges that the defendant's products, including its website (Dkt. No. 1-2 at 2), infringe at least one claim of the '844 Patent. Dkt. No. 1 ¶¶ 11, 15, 16.

The defendant filed its motion to dismiss under Rules 12(b)(3) and 12(b)(6), asking the Court to dismiss the plaintiff's complaint with prejudice for two reasons. Dkt. No. 10. First, the defendant argues that the plaintiff fails to establish that venue is proper in this district and division. Although not relevant to the Court's analysis, the defendant also noted that the plaintiff had previously filed an identical complaint, which it nonsuited, in the Eastern District of Texas. Dkt. No. 13 ¶ 2. Second, the defendant argues that the plaintiff fails to state a claim for patent infringement. The plaintiff responded in part by asking the Court to construe the defendant's motion as a motion to transfer venue to the Northern District of Texas. Dkt. No. 12 at 1. The plaintiff also argued that its complaint sufficiently states a claim for patent infringement against the defendant.

## II. ANALYSIS

**A. The plaintiff failed to show that venue is proper in the Western District of Texas and the Court should transfer this case to the Northern District of Texas in the interest of justice.**

With respect to improper venue, the defendant's motion to dismiss is governed by Rule 12(b)(3) of the Federal Rules of Civil Procedure. A civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). The plaintiff has the burden of showing proper venue. *AML IP, LLC v. Bed Bath & Beyond, Inc.*, No. 6:21-CV-00600-ADA, 2022 WL 1085617, at *2 (W.D. Tex. Apr. 11, 2022). Where venue is improper, a district court may transfer the case to a proper venue if it is in the interest of justice. 28 U.S.C. § 1406(a). The Court has broad discretion in deciding whether to order such a transfer.

*Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (collecting cases noting that transfer is committed to the court's sound discretion).

The plaintiff has not met its burden of showing that venue is proper in this district. The plaintiff's pleadings are limited to general conclusory statements that the defendant has an established place of business in this district, that the defendant has committed acts of infringement in this district, and that the plaintiff has suffered harm in this district. Dkt. No. 1 ¶ 7. The plaintiff does not plead any factual allegations to support these conclusions. Moreover, it is undisputed that the defendant has its principal place of business in Sonora, Texas, which is in the Northern District of Texas. *Id.* ¶ 1; Dkt. No. 10 ¶¶ 1, 3. As pled, venue in this district is improper.

The Court finds that transfer of this case, rather than dismissal, best serves the interests of justice. When venue is improper, it is within the sound discretion of the Court to dismiss or to transfer the case to an appropriate venue in the interest of justice. § 1406(a); *Caldwell*, 811 F.2d at 919. The defendant concedes venue would be proper in the Northern District of Texas under the first prong of § 1400(b) because the defendant is a resident of Sutton County, which is in that district. Dkt. No. 10 ¶ 11. The plaintiff agrees. Dkt. No. 12 at 1-2. When the parties agree that venue would be proper in another district, the interest of justice weighs in favor of a transfer to that district. *See Eng'g & Inspection Servs., LLC v. New Rise Renewables, Reno LLC*, No. CV 23-6844, 2024 WL 3374345, at *3 (E.D. La. July 10, 2024) (holding transfer was in the interest of justice because venue was undisputedly proper in the District of Nevada and a court there would have personal jurisdiction over the defendant).

The undersigned therefore **RECOMMENDS** that Defendant's Motion to Dismiss for improper venue under Rule 12(b)(3) (Dkt. No. 10) be **GRANTED-IN-PART** and **DENIED-IN-**

**PART**. The undersigned further **RECOMMENDS** that the motion should be granted, but rather than dismissing the case, it should be **TRANSFERRED** to the Northern District of Texas.

### B. The plaintiff sufficiently states a claim to survive a 12(b)(6) motion to dismiss.

With respect to a failure to state a claim, the defendant's motion to dismiss is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion under Rule 12(b)(6), a complaint need only include sufficient facts to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Facial plausibility exists if the alleged facts create a reasonable inference that the movant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In a patent infringement case, a plaintiff can sufficiently state a claim by providing the asserted patents, identifying the accused products by name and with photos, and alleging that the accused products meet every element of at least one claim. *CTD Networks, LLC v. Amazon.com, Inc.*, 688 F. Supp. 3d 436, 444 (W.D. Tex. 2023). The Court may consider an exhibit attached to a pleading as part of the pleading for all purposes. Fed. R. Civ. P. 10(c); *see also Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (considering the documents attached to the lead plaintiff's original complaint in affirming the district court's Rule 12(b)(6) dismissal).

The Court finds that the plaintiff adequately states a claim for patent infringement against the defendant. To survive a 12(b)(6) motion to dismiss, the plaintiff must allege enough facts to create a reasonable inference that the defendant is liable for infringing the '844 Patent. *Iqbal*, 556 U.S. at 678. Consistent with Rule 10(c) of the Federal Rules of Civil Procedure, the plaintiff incorporated by reference the detailed infringement allegations set forth in the claim chart attached to the Complaint (Dkt. No. 1-2). Dkt. No. 1 ¶¶ 11, 14, 16, 17. This claim chart identifies the infringing instrumentality of the defendant's website with photos and details of the infringing

activity against at least every element of claim 1 of the '844 Patent. Dkt. No. 1-2 at 2–112. Thus, the Court finds that the claim chart plausibly states a claim for infringement of the '844 Patent. *See CTD Networks*, 688 F. Supp. 3d at 444. Despite this, the defendant argues that it "should not be forced to retain an expert to review hundreds of pages of attachments [i.e. the claim chart] for Defendant to be on notice of the claims against it." Dkt. No. 13 ¶ 5. The defendant's argument is unpersuasive because it overlooks Rule 10(c). *See Ferrer*, 484 F.3d. at 780 (holding an exhibit attached to a complaint may be considered in a 12(b)(6) dismissal proceeding). When properly considering the plaintiff's claim chart, the Court finds that the plaintiff has plausibly stated a claim for patent infringement against the defendant. The undersigned therefore **RECOMMENDS** that the defendant's Rule 12(b)(6) motion to dismiss be **DENIED**.

### III.   RECOMMENDATION

It is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss for Failure to State a Claim be **DENIED** and that the Motion to Dismiss for Failure to Show Venue is Proper be **GRANTED** but that the request to dismiss the case be **DENIED** and the case transferred to the Northern District of Texas.

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 14th day of July, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE